UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
DEMITRIOS STRATAKOS,

Plaintiff,

Civ. Action No.:

-against-

NASSAU COUNTY, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER PRASHANT RANE, POLICE OFFICER KARL PADILLA, POLICE OFFICER "JOHN" CABEY, DETECTIVE "JOHN" DLUGINSKI, SERGEANT JAMES BROWN and POLICE OFFICER JOHN DOES NUMBERS 1-10 unknown and intended to be named later Nassau County Police Officers involved in the occurrences herein, individually and in their respective capacities as members of the Nassau County Police Department,

Defendants.
--------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff DEMITRIOS STRATAKOS, by his attorneys, RAISER & KENNIFF, P.C., for his complaint alleges as follows:

## NATURE OF THE ACTION

1. This is a civil rights action in which the Plaintiff, DEMITRIOS STRATAKOS, seeks relief for Defendants' violation, under color of state law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York, on or about December 29, 2012 and continuing until he was found not guilty on all counts after a jury trial.

2. Defendants, NASSAU COUNTY, THE NASSAU COUNTY ATTORNEY, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY POLICE

DEPARTMENT, POLICE OFFICER PRASHANT RANE, POLICE OFFICER KARL PADILLA, POLICE OFFICER "JOHN" CABEY, DETECTIVE "JOHN" DLUGINSKI, SERGEANT JAMES BROWN and POLICE OFFICER JOHN DOES NUMBERS 1-10, individually and in their official capacities, jointly and severally, did cause Plaintiff DEMITRIOS STRATAKOS to be subject to, inter alia, a deprivation of his constitutional rights to be free from excessive and unreasonable force, assault and battery, negligence, false arrest, false imprisonment, and malicious prosecution causing him financial and serious physical and mental injury.

3. Plaintiff was arrested on December 29, 2012, by Nassau County Police Officers, including but not limited to, POLICE OFFICER PRASHANT RANE, POLICE OFFICER KARL PADILLA, POLICE OFFICER "JOHN" CABEY, DETECTIVE "JOHN" DLUGINSKI, and SERGEANT JAMES BROWN (the "Officers".) He was unlawfully charged with violating New York Penal Law § 120.05(3) (Assault in Second Degree), § 205.30 (Resisting Arrest) and § 195.05 (Obstructing Governmental Administration).

4. The felony complaint and/or accusatory instruments in the criminal matter falsely alleged that on or about December 29, 2012, at about 4:15 a.m. "Officer Rane responded to radio assignment for a disturbance where a fire alarm was pulled.... PO Rane repeatedly ordered the Defendant to leave the scene of the disturbance. The Defendant did not obey said order and Officer Rane repeated to the Defendant that he is not allowed to go back to the club and that he had to leave the parking lot. The Defendant stated no this is bullshit, I'm going to speak to the manager.... the Defendant push[ed] officer Rane and walk[ed] back towards the club....Officer Rane physically attempt[ed] to stop the Defendant by grabbing his arm, and the Defendant reacted by pulling his arm away. The Defendant then grabbed Officer Rane's arm and pulled him

forward which caused substantial pain to his neck. PO Rane and the Defendant fell to the ground, and a brief struggle ensued. The Defendant refused to be handcuffed by tucking his arms under his chest and refused repeated commands from PO Rane.... to put his hands behind his back.... Officer Rane was transported to NUMC for medical evaluation and treatment of his injuries. As a result the officer will be out of work for several days." (*See* attached Felony Complaint, and Misdemeanor Information's as Exhibit A).

5. Subsequently, after a jury trial, Plaintiff was found not guilty on all counts.

6. Plaintiff was deprived of his constitutional and civil rights, including but not limited to, the right to be free from excessive and unreasonable force, assault and battery, negligence, false arrest, false imprisonment, and malicious prosecution, resulting in the deprivation of his constitutional rights.

**JURISDICTION**

7. This action is brought pursuant to 42 U.S.C. § § 1983, 1985, 1986, 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § § 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to hear and decide any and all claims arising under state law.

**VENUE**

8. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and Plaintiff resides in this district.

## COMPLIANCE WITH GENERAL MUNICIPAL LAW

9. Prior hereto and within the proper time allotted by statute (90 days), Plaintiff filed a Notice of Claim in compliance with General Municipal Law Section 50 et seq. and CPLR 215, as against each municipal Defendant (Exhibit "B").

10. A 50-h pre-action hearing, pursuant to General Municipal Law Section 50 et seq., was held on May 18, 2015.

11. More than 30 days have elapsed and Defendants have failed, neglected and/or refused to pay or adjust such claims.

## JURY DEMAND

12. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

13. Plaintiff is a citizen of the United States and is a resident of the County of Queens, State of New York, and at all times relevant to the allegations of this complaint did so reside.

14. Defendant COUNTY OF NASSAU (the "County") is a duly constituted municipal entity created and authorized under the laws of the State of New York. The County is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The County assumes the risks incidental to the maintenance of a police force and the employment of police officers. At all relevant times, the County acted through its agency, the Nassau County Police Department (the "NCPD"), to commit the acts alleged in this Complaint and was responsible for such acts.

15. Defendant NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE (the "Nassau DA") is a duly constituted office and/or agency of the County, acting within its official capacities.

16. Defendant NASSAU COUNTY POLICE DEPARTMENT ("NCPD") is a duly constituted office and/or agency of the County, acting within its official capacities

17. Defendant Police Officer PRASHANT RANE ("PO Rane") is or was at all times relevant to this complaint, a police officer employed by the NCPD, acting within his official capacities.

18. Defendant Police Officer KARL PADILLA ("PO Padilla"), is or was, at all times relevant to this complaint, a police officer employed by the NCPD, acting within his official capacities.

19. Defendant Police Officer "JOHN" CABEY ("PO Cabey"), is or was, at all times relevant to this complaint, a police officer employed by the NCPD, acting within his official capacities.

20. Defendant Nassau County Police Department Detective "JOHN" DLUGINSKI ("Det. Dluginski") is or was, at all times relevant to this complaint, a police officer employed by the NCPD, acting within his official capacities.

21. Defendant SERGEANT JAMES BROWN ("Sgt. Brown") is or was, at all times relevant to this complaint, a police officer employed by the NCPD, acting within his official capacities.

22. DETECTIVES and OFFICERS "JOHN DOES" 1-10 were at all times herein mentioned police officers, in their individual and official capacities, employed by the County under the direction of the NCPD, and were acting in furtherance of the scope of their

employment, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the County. These JOHN DOE Defendants include individuals who assisted and/or conspired to and/or acted in concert and/or did engage in the violations of Plaintiff's rights described herein, or who failed to protect Plaintiff from violations of his constitutional rights.

23. During all times mentioned in this complaint the Defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York, the County, and/or the NCPD.

24. During all times mentioned in this complaint, Defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges, and immunities of Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

25. Each of the Defendants, at all times relevant to this action, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of Plaintiff.

**STATEMENT OF FACTS**

26. Plaintiff, reiterates and realleges each and every allegation contained in paragraphs 1 through 25 of this complaint with the same force and effect as though fully set forth herein.

27. On December 29, 2012, while lawfully at 246 Voice Rd, Carle Place, New York, Plaintiff was wrongfully assaulted, beaten, handcuffed, detained, restrained, taken into custody, arrested, and jailed/imprisoned, all based on the false allegations that he obstructed governmental administration, resisted arrest, and assaulted a police officer, when it is in fact he who was assaulted by police.

28. In making the arrest of Plaintiff, Defendant Police Officers did push, punch, shove, strike, and assault, both with hands, feet, and dangerous instruments, Plaintiff, resulting in Plaintiff sustaining multiple bodily injuries and falling unconscious.

29. Defendant Police Officers committed acts of excessive force in the tackling of Plaintiff, throwing him to the ground and striking him with such force as to cause Plaintiff to lose consciousness and sustain multiple bodily injuries and contusions.

30. Plaintiff was thereafter treated for his injuries at Nassau University Medical Center.

31. Plaintiff was subsequently charged with violating New York Penal Law § 120.05(3) (Assault in Second Degree), § 205.30 (Resisting Arrest) and § 195.05 (Obstructing Governmental Administration), then pled not guilty and was released on bail.

32. As a result of the assault, arrest, and incarceration, Plaintiff suffered from multiple bodily injuries, sleeplessness, headaches, anxiety, insomnia, and other related emotional distress and suffering.

33. Plaintiff's emotional distress was further exacerbated by the prolonged malicious prosecution and continued throughout that time period, which he endured from December of 2012 through October of 2014.

34. At all relevant times herein, the arrest and detention of Plaintiff was without probable cause.

35. Defendant, the Nassau DA unlawfully, maliciously, negligently, intentionally, and/or willfully prosecuted Plaintiff without probable cause, or privilege.

36. In or about October of 2014, after a jury trial, Plaintiff was found not guilty on all counts/charges against him.

37. The individual Defendants' acts and omissions described above were intentional, wanton, willful, and malicious, and were performed in violation of and with deliberate indifference to, and/or in reckless disregard of Plaintiffs' rights, secured by the Fourth and Fourteenth Amendments to the United States Constitution.

38. As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among others:

a. psychological and emotional injury, past and future;

b. degradation, humiliation, mental anguish, suffering and embarrassment;

c. disorientation, trauma, physical injury, pain, suffering, the need for hospitalization, lacerations, hematomas, contusions to the head and face, nose bleed, swelling of the left orbit, concussion, pinched nerve, damage/injury to the orbital bone and socket, mucosal thickening in the maxillary sinus; fracture of the anterior wall of the left maxillary sinus;

d. economic damages, including but not limited to the expending of money to obtain counsel to defend against the malicious prosecution;

e. loss of, and damage to, his reputation;

f. deprivation of liberty; and

g. other injuries not yet fully ascertained.

**FIRST CAUSE OF ACTION**
**(Constitutional Violations - 42 U.S.C. § 1983)**

39. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

40. Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983, thereby depriving Plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

a. freedom to engage in protected speech;

b. freedom of assembly;

c. freedom of association;

d. freedom to petition for redress of grievances;

e. freedom from unreasonable seizure of his person, including excessive force;

f. freedom from arrest without probable cause;

g. freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff was aware and to which Plaintiff did not consent;

h. freedom from abuse of process;

i. freedom from deprivation of liberty without due process of law; and

j. equal protection, privileges and immunities under the laws.

41. As a direct and proximate result of Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the damages alleged herein.

## SECOND CAUSE OF ACTION
## (Failure to Intervene - Fourth Amendment - 42 U.S.C. § 1983)

42. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

43. At the time of the incident in question in this lawsuit, members of the NCPD had an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians, and to intervene where they observe another member of the NCPD employing unjustified and excessive force against a civilian or falsely arresting a civilian.

44. Defendant Police Officers were present on the night of December 29, 2012, on or near 246 Voice Road/Glen Cove Road, Carle Place, State of New York, County of Nassau and witnessed the previously alleged wrongful actions by Defendants, all of whom unlawfully interfered with Plaintiff's exercise of his constitutional rights.

45. Defendant Police Officers' use of force against Plaintiff was unreasonable, excessive and unjustified under the circumstances, yet Defendants, failed to take any action or make any effort to intervene, halt, or protect Plaintiff from being physically brutalized by the Nassau County Police Officers named as Defendants herein.

46. The arrest of Plaintiff was clearly without probable cause or other legal justification yet Defendant Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being unlawfully and wrongfully arrested.

47. Defendants' violation of Plaintiff's constitutional rights by failing to intervene in Defendant Police officer's clearly unconstitutional use of force and unconstitutional arrest of Plaintiff resulted in the injuries and damages set forth above.

**THIRD CAUSE OF ACTION**
**(Individual Supervisory Liability - 42 U.S.C. § 1983)**

48. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

49. Individual Defendants PO Rane, PO Padilla, PO Cabey, Det. Dluginski, Sgt. Brown and OFFICERS "JOHN DOES" 1-10 were, at all relevant times, supervisory personnel in the NCPD, with oversight responsibility for the training, instruction and supervision of the named and unnamed individual police officer Defendants who deprived Plaintiff of his federal constitutional rights.

50. The individual supervisory Defendants knew or should have known that the named and unnamed individual Police Officer Defendants failed to intervene to prevent the use of clearly excessive force against Plaintiff or in the clearly unlawful arrest of Plaintiff, and in their deprivation of Plaintiff's rights.

51. Defendants PO Rane, PO Padilla, PO Cabey, Det. Dluginski, Sgt. Brown and OFFICERS "JOHN DOES" 1-10, as the commanding officers of the NCPD, failed to supervise NCPD officers regarding lawful techniques and the lawful use of force.

52. The individual supervisor Defendants knew or should have known that the named and/or unnamed individual Police Officer Defendants were conducting an unreasonable, unlawful and retaliatory seizure and false arrest of Plaintiff, depriving him of his due process of law.

53. On information and belief, the individual supervisor Defendants were personally involved in either ordering, or failing to take preventative and remedial measures to guard against Plaintiff's constitutional deprivations. The supervisory Defendants knew, or in the exercise of due diligence, should have known, that the actions taken against Plaintiff by the

named and unnamed individual Police Officer Defendants was likely to occur.

54. The failure of the individual supervisor Defendants to train, supervise and/or discipline the named and unnamed individual Police Officer Defendants with respect to the constitutional rights of civilians amounted to gross negligence, deliberate indifference or intentional misconduct, which directly and proximately caused the injuries and damages to Plaintiff set forth herein.

**FOURTH CAUSE OF ACTION**
**(*Monell* Claim - 42 U.S.C. § 1983)**

55. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

56. All of the acts and omissions by the named and unnamed individual Police Officer Defendants described above, with regard to the unreasonable, unlawful, and retaliatory seizure and false arrest of Plaintiff and the use of excessive force, were carried out pursuant to overlapping policies and practices of the County which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of Defendant County and its agency, the NCPD.

57. Defendant County and the NCPD, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual Police Officer Defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

58. The actions of the individual Police Officer Defendants resulted from and were taken pursuant to the *de facto* policies and/or well-settled and widespread customs and practices of the County, which are implemented by members of the NCPD. The relevant policies, customs

and practices with regard to the use of excessive force against Plaintiff are that NCPD police officers are permitted to arbitrarily exert force against civilians lawfully upon a property as a means to suppress the demonstration and exert unlawful control over civilians, even when there are no exigent circumstances or an emergency.

59. These individuals also are encouraged by their supervisors, when they use force in circumstances such as those giving rise to this matter, to cover it up by alleging violations of the Penal Law, including but not limited to: assault in the second degree (upon on officer), resisting arrest, and obstructing governmental administration. Said behavior has been exhibited many times and is a unwritten policy of the NCPD implemented, accepted and/or tolerated by the supervisors and the Nassau County District Attorney's Office.

60. The NCPD, with the knowledge, approval, and encouragement of the NCPD Commissioner, fails to properly train and supervise officers concerning the Constitutional rights of civilians to be free from false arrest, false imprisonment, and malicious prosecution.

61. The existence of the foregoing unlawful *de facto* policies and/or well-settled and widespread customs and practices is known to, encouraged, and/or condoned by supervisory and policy-making officers and officials of the NCPD and Nassau County.

62. Despite knowledge of such unlawful *de facto* policies, practices, and/or customs, these supervisory and policy-making officers and officials of the NCPD and Nassau County, have not taken steps to terminate these policies, practices, and/or customs, and do not properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to, and/or reckless disregard of the effect of said policies, practices, and/or customs upon the constitutional rights of persons in Nassau County.

63. The aforementioned County policies, practices, and/or customs of failing to supervise, train, instruct, and discipline police officers within the NCPD are evidenced by the NCPD police misconduct detailed herein.

64. Plaintiff's injuries were a direct and proximate result of the Defendant County's and its agency, the NCPD's, and the Nassau DA's wrongful *de facto* policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of Defendant Nassau County, the Nassau DA and the NCPD to properly supervise and train police officers with regard to constitutional liberties and lawful police conduct.

65. Defendant County knew or should have known that the acts alleged herein would deprive Plaintiff of his rights, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11, and 12 of the Constitution of the State of New York.

66. Defendant County is directly liable and responsible for the acts of the individual Police Officer Defendants because it repeatedly and knowingly failed to properly supervise, train, and instruct them to require compliance with the constitutions and laws of the State of New York and the United States.

**FIFTH CAUSE OF ACTION**
**(New York State Constitutional Violations)**

67. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

68. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights of:

a. freedom to engage in protected speech;

b. freedom of assembly;

c. freedom of association;

d. freedom to petition for redress of grievances;

e. freedom from unreasonable seizure of his person, including excessive force;

f. freedom from arrest without probable cause;

g. freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff was aware and to which Plaintiff did not consent;

h. freedom from abuse of process;

i. freedom from deprivation of liberty without due process of law; and

j. equal protection, privileges and immunities under the laws.

69. Defendants' deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth herein.

**SIXTH CAUSE OF ACTION**
**(False Arrest)**

70. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

71. Acting under color of law, Defendants unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's arrest without probable cause or other legal justification.

72. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

**SEVENTH CAUSE OF ACTION**
**(False Imprisonment)**

73. Plaintiff realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

74. Acting under color of law, the individual Defendants unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion, or other legal justification.

75. For almost all of the relevant time, Plaintiff was conscious of his confinement, and at all relevant times, Plaintiff did not consent to his confinement.

76. Plaintiff was falsely imprisoned for approximately 36 hours.

77. The individual Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

**EIGHTH CAUSE OF ACTION**
**(Assault and Battery)**

78. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

79. Defendant Police Officers without just cause, willfully, and maliciously touched Plaintiff without Plaintiff's authorization and used excessive physical force on Plaintiff, causing Plaintiff to suffer physical and emotional injuries.

80. Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

**NINTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

81. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

82. Defendants by their aforementioned acts, did intentionally, willfully, and

knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

83. Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

**TENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**

84. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

85. The individual Defendants, by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

**ELEVENTH CAUSE OF ACTION**
**(Negligence of the Individual Defendants)**

86. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

87. The individual Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

a. failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances; and/or

b. carelessly and recklessly used force against Plaintiff and seized and detained Plaintiff without a warrant or probable cause; and/or

c. carelessly and recklessly failed to intervene in the unlawful actions taken against Plaintiff resulting in his injury, unlawful arrest, detention and prosecution.

88. The negligent actions of the individual Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

**TWELFTH CAUSE OF ACTION**
**(Respondeat Superior Against Nassau County)**

89. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs if fully set forth herein.

90. Defendant Nassau County is liable for the actions of the individual Defendants under the doctrine of *respondeat superior* because they were acting within the scope of their duties as employees.

**THIRTENTH CAUSE OF ACTION**
**(Malicious Prosecution)**

91. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

92. The actions of Defendants herein, acting individually and in concert, intentionally and deliberately led to a malicious prosecution of Plaintiff.

93. A judicial proceeding was commenced and prosecuted against Plaintiff.

94. This was done by or at the instance of Defendants.

95. This was done without probable cause.

96. This was done with malice.

97. The judicial proceeding, maintained by a malicious prosecution, terminated in favor of the Plaintiff.

98. Plaintiff was injured by having to go through this judicial proceeding.

99. During the pendency of this criminal matter, Plaintiff made approximately 30 court appearances of various lengths.

100. Plaintiff suffered interference with his person or property as a result of this proceeding.

101. As a direct and proximate result of Defendants' wrongful acts, policies, practices, customs and/ or usages complained of herein, Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury; degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to, his reputation; and deprivation of liberty, without any negligence on the part of Plaintiff contributing thereto

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

(a) a declaration that Defendants violated Plaintiff's federal and state civil rights;

(d) compensatory damages for the injuries suffered by Plaintiff by reason of Defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial in an amount not less than $150,000;

(c) punitive damages against the individual Defendants assessed to deter such intentional and reckless deviations from well-settled constitutional standards, to the extent allowable by law;

(d) reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(e) such other and further relief as appears just and proper.

Dated: Mineola, New York
December 16, 2015

RAISER & KENNIFF, P.C.

James M. Ingoglia (signature)

James M. Ingoglia, Esq.
300 Old Country Road, Suite 351
Mineola, NY 11501
(516) 742-7600

*Attorneys for Plaintiff*

**VERIFICATION**

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

DEMITRIOS STRATAKOS being sworn, deposes and says:

I am the Plaintiff in the within action; I have read the within Verified Complaint and know the contents thereof; and the same is true to my own knowledge, except and to the matters herein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

DEMITRIOS STRATAKOS

Sworn to before me this

17 day of December, 2015

Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 2018