UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

DEMITRIOS STRATAKOS,

        Plaintiff,

   -against-

NASSAU COUNTY, NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER PRASHANT RANE, POLICE
OFFICER KARL PADILLA, POLICE OFFICER "JOHN" CABEY,
DETECTIVE "JOHN" DLUGINSKI, SERGEANT JAMES BROWN
and POLICE OFFICER JOHN DOES NUMBER 1-10 unknown and
intended to be named occurrences herein, individually and in their
respective capacities as members of the Nassau County Police
Department,

        Defendants.

-------------------------------------------------------------------------------x

**FILED**
**CLERK**
11/23/2016 11:25 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Memorandum of
Decision & Order
15-cv-7244 (ADS)(ARL)

<u>APPEARANCES:</u>

**Raiser & Kenniff, P.C.**
*Attorneys for the Plaintiff*
300 Old Country Road, Suite 351
Mineola, NY 11501
      By:   James M. Ingoglia, Esq., Of Counsel

**Nassau County Attorney's Office**
*Attorneys for the Defendants*
One West Street
Mineola, NY 11501
      By:   Diane C. Petillo, Deputy County Attorney

**SPATT, District Judge:**

     On December 21, 2015, the Plaintiff Demitrios Stratakos commenced this civil rights action

under 42 U.S.C. § 1983 against the County of Nassau (the "County"); the Nassau County District

Attorney's Office (the "DA's Office"); the Nassau County Police Department (the "NCPD"); and

individual police personnel, namely, Officer Prashant Rane ("PO Rane"); Officer Karl Padilla ("PO

Padilla"); Officer "John" Cabey ("PO Cabey"); Detective "John" Dluginski ("Det. Dluginski");

Sergeant James Brown ("Sgt. Brown"), and ten "John Doe" Defendants, whose identities are allegedly unknown to the Plaintiff, but who are believed to also be NCPD personnel.

On March 29, 2016, the Defendants filed a motion pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6), seeking to dismiss substantial portions of the complaint on the ground that they fail to state claims for relief.

For the reasons that follow, the motion to dismiss is granted.

## I. BACKGROUND

The following facts are drawn from the complaint and construed in favor of the Plaintiff.

On December 29, 2012, at approximately 4:15 A.M., the Plaintiff, then 24, was lawfully present at a nightclub located at 246 Voice Road in Carle Place, when he had a police encounter.

The complaint fails to allege any specific facts about this encounter, other than to state that the Plaintiff was "wrongfully assaulted, beaten, handcuffed, detained, restrained, taken into custody, and jailed/imprisoned . . ." Compl. ¶ 27. In this regard, the Plaintiff alleges that unspecified police officers "did push, punch, shove, strike, and assault" him, "both with hands, feet, and dangerous instruments . . . resulting in Plaintiff sustaining multiple bodily injuries and falling unconscious." *Id.* ¶ 28. The Plaintiff allegedly sought treatment for unspecified injuries at Nassau University Medical Center. *See id.* ¶ 30.

The Plaintiff attached to his complaint three accusatory instruments, namely, a felony complaint and two misdemeanor informations, which were filed in the Nassau County District Court at or about the time of the events in question. In its discretion, the Court will consider these documents in resolving the present motion. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

The charging documents, which were sworn to by PO Padilla and witnessed by Sgt. Brown, state that, on the date in question, the Plaintiff violated: (1) New York Penal Law § 120.05(3), namely, assault in the second degree, a class D felony; (2) New York State Penal Law § 195.05,

namely, obstructing governmental administration in the second degree, a class A misdemeanor; and

(3) New York State Penal Law § 205.30, namely, resisting arrest, a class A misdemeanor.

Further, the charging documents set forth the following factual account in support of the

charges against the Plaintiff:

> On the aforesaid date [December 29, 2012], time [4:15 A.M.], and place of occurrence [246 Voice Road in Carle Place] your deponent and Officer Rane responded to radio assignment for a disturbance where a fire alarm was pulled. In the presence of your deponent, PO Rane repeatedly ordered the defendant to leave the scene of the disturbance. The defendant did not obey said order and Officer Rane repeated to the defendant that he is not allowed to go back to the club and that he had to leave the parking lot. The defendant stated ["]no this is bullshit, I'm going to speak to the manager["]. Your deponent observed Officer Rane physically attempt to stop the defendant by grabbing his arm, and the defendant reacted by pulling his arm away. The defendant then grabbed Officer Rane's arm and pulled him forward which caused substantial pain to his neck. PO Rane and the defendant fell to the ground, and a brief struggle ensued. The defendant refused to be handcuffed by tucking his arms under his chest and refused repeated commands from PO Rane and your deponent to put his hands behind his back. Officer Rane with the assistance of your deponent were able to control the defendant and place him in handcuffs. Officer Rane was transported to NUMC for medical evaluation and treatment for his injuries. As a result the officer will be out of work for several days.

Compl., Ex. "A."

The Court reiterates that the Plaintiff failed to allege his own version of the events, and

asserted only that the narrative account set forth in the accusatory instruments was false. *See*

Compl. ¶ 4.

It is further alleged that the Plaintiff disputed the charges and, following a jury trial held in

October 2014, was adjudged not guilty of all counts.

Based on these facts, the Plaintiff asserts federal causes of action against all of the Defendants

sounding in: (1) § 1983 deprivation of First, Fourth, Fifth, and Fourteenth Amendment rights;

(2) § 1983 failure to intervene against the use of excessive force; (3) § 1983 supervisory liability; and

(4) § 1983 municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d

611 (1978).

The Plaintiff also alleges a number of analogous State law claims sounding in: (1) violations of the New York State Constitution; (2) false arrest; (3) false imprisonment; (4) assault and battery; (5) intentional infliction of emotional distress; (6) negligence; (7) malicious prosecution; and (8) employer liability under principles of *respondeat superior*.

As noted above, on March 29, 2016, the Defendants moved under FED. R. CIV. P. 12(b)(6) to dismiss the majority of the Plaintiff's complaint. The Court will now address the parties' substantive contentions.

## II. DISCUSSION

### A. The Standard of Review

Under FED. R. CIV. P. 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face,' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *Otis-Wisher v. Medtronic, Inc.*, 14-cv-3491, 2015 U.S. App. LEXIS 9565, at *2 (2d Cir. June 9, 2015).

### B. As to Whether the DA's Office and the NCPD Are Independently Suable Entities

First, the Defendants contend that the DA's Office and the NCPD are administrative arms of the County, and therefore, not independently suable entities. The Court agrees.

"It is well-established that under New York law, 'departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Worsely v. Nassau Cnty. Corr. Facility*, No. 15-cv-3277, 2016 U.S. Dist. LEXIS 95556, at *14 (E.D.N.Y. July 20, 2016) (Report and Recommendation) (quoting *Davis v.*

*Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)), *adopted*, 2016 U.S. Dist. LEXIS 110052 (E.D.N.Y. Aug. 15, 2016).

Applying this rule, this and other courts have consistently held that the NCPD lacks an independent legal identity apart from the County, and, therefore, is not properly named as an independent Defendant. *See Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (Spatt, J.) (dismissing § 1983 claims against the NCPD under Rule 12(b)(6)); *Robischung-Walsh v. Nassau Cnty. Police Dep't*, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010) (Spatt, J.) (same), *aff'd*, 421 F. App'x 38 (2d Cir. 2011); *see also Harrell v. County of Nassau*, No. 10-cv-5894, 2013 U.S. Dist. LEXIS 139561, at *11-*13 (E.D.N.Y. Sept. 27, 2013); *Donaldson v. Nassau County Police Dep't 3rd Precinct*, No. 10-cv-1690, 2010 U.S. Dist. LEXIS 74537, at *5-*6 (E.D.N.Y. July 22, 2010).

The same is true of the DA's Office, which, "though not an administrative arm of the County, is similarly not an entity capable of being sued because a district attorney's office acts as a quasi-judicial state actor when making a decision to prosecute, and is therefore immune from Section 1983 liability under the Eleventh Amendment." *Schiff v. Suffolk County Police Dep't*, No. 12-cv-1410, 2015 U.S. Dist. LEXIS 51653, at *18-*19 (E.D.N.Y. Apr. 20, 2015) (collecting cases); *see Conte v. County of Nassau*, No. 06-cv-4746, 2008 U.S. Dist. LEXIS 25694, at *2-*3 n.2 (E.D.N.Y. Mar. 31, 2008) (dismissing § 1983 claims against the Nassau DA's Office on the ground that it is an administrative arm of the County and lacks the capacity to be sued); *see also Booker v. Doe*, No. 11-cv-1632, 2011 U.S. Dist. LEXIS 90546, at *5-*6 (E.D.N.Y. Aug. 20, 2011) (holding that "[t]he Office of the District Attorney for Suffolk County is an administrative arm of Suffolk County and therefore is not a suable entity").

Accordingly, the complaint is dismissed in its entirety as against the NCPD and the DA's Office. The complaint does not name any individual prosecutors as parties. Therefore, the Defendants' alternative argument that the assistant district attorneys working in the DA's Office are entitled to immunity for their conduct is denied as moot.

**C. As to Whether the Complaint Plausibly Alleges a Basis for *Monell* Liability Against the County**

The Defendants further contend that the complaint fails to plausibly allege that the complained-of conduct stemmed from any official policy, practice, or custom of the County sufficient to sustain a *Monell* claim. Again the Court agrees.

In order for the County, as a municipal entity, to be held liable under 42 U.S.C. § 1983, the Plaintiff is required to plausibly allege that he was deprived of a constitutional right through an official County policy, practice, or custom. *See Monell*, 436 U.S. at 690-95; *Simms v. City of New York*, 480 F. App'x 627, 629 (2d Cir. 2012) (noting that, to hold a municipality liable under § 1983, "the plaintiff must 'demonstrate that, through its deliberate conduct, the municipality [itself] was the moving force behind the alleged injury' " (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008)).

In this regard, "[a] plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (citing relevant Second Circuit authorities).

In this case, the Plaintiff does not appear to claim that the events giving rise to his complaint were carried out pursuant to a formal policy officially endorsed by the municipality. Nor does he appear to claim that the complained-of conduct was carried out by County officials with decision-making authority.

Rather, the Plaintiff contends that his alleged injuries occurred as a result of a "*de facto* policy" whereby police officers are permitted to arbitrarily exert unreasonable force against civilians, and

then "cover it up by alleging violations of the Penal Law." *See* Comp. ¶¶ 58-59. According to the complaint, this "behavior has been exhibited many times and is a unwritten [*sic*] policy of the NCPD implemented, accepted and/or tolerated by" police supervisors. *Id.* ¶ 59

However, in the absence of any specific factual support, this contention is insufficient to pass muster under Rule 12(b)(6).

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not 'suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *McLennon*, 171 F. Supp. 3d at 94 (quoting *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 301-02 (S.D.N.Y. 2015)); *see Nance v. City of New York*, No. 09-cv-2786, 2011 U.S. Dist. LEXIS 75903, at *9 (E.D.N.Y. July 14, 2011) (dismissing a municipal liability claim under Rule 12(b)(6) where the plaintiff "trot[ted] out the magic words from *Monell* – 'practice, policy, and custom' – without providing a shred of factual support for her claim aside from a general allusion to 'statistic[s]'" about similar occurrences).

In this regard, "'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Id.* (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). "Put another way, conclusory allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details." *Donohue v. Manetti*, No. 15-cv-636, 2016 U.S. Dist. LEXIS 22565, at *18-*19 (E.D.N.Y. Feb. 24, 2016); *see Green*, 96 F. Supp. 3d at 302-03 (finding that a complaint which contained "quintessentially boilerplate language echoing the requirements contained in *Monell*" was insufficient to plausibly allege the existence of an actionable municipal policy; collecting cases); *Duncan v. City of New York*, No. 11-cv-3826, 2012 U.S. Dist. LEXIS 67208, at *6-*7 (E.D.N.Y. May 14, 2012) (dismissing *Monell* claims under Rule 12(b)(6) where the plaintiff's "boilerplate statements" regarding a municipality's

custom and/or policy of making and tolerating illegal and false arrests and using excessive force were "insufficient to state a claim of municipal liability").

This is particularly true where, as here, the allegedly unlawful practice resulted from the actions of subordinate employees. In such situations, "the practice must be 'so manifest as to imply the constructive acquiescence of senior policy-making officials.' " *Perez v. New York City Dep't of Corr.*, No. 10-cv-2697, 2012 U.S. Dist. LEXIS 121440, at *6 (E.D.N.Y. Aug. 2012) (quoting *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992)); *see Maragh v. City of New York*, No. 11-cv-1749, 2012 U.S. Dist. LEXIS 68523, at *11 (E.D.N.Y. May 16, 2012) ("A 'single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy' " (quoting *Ricciuti v. N.Y.C. Tr. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991))).

In the Court's view, the Plaintiff's conclusory allegations of an actionable County policy, practice, or custom fall well short of plausibility. In this regard, even assuming an underlying constitutional violation, the broader "*de facto* policy" described by the Plaintiff is clearly tailored to his own unique experience, and does not plausibly support the inference that the same or similar conduct is occurring on such a widespread basis as to imply the constructive acquiescence of senior policymaking officials. *See, e.g., Simms v. City of New York*, No. 10-cv-3420, 2011 U.S. Dist. LEXIS 115949, at *6-*7 (E.D.N.Y. Sept. 28, 2011) (finding that the complaint lacked "enough factual material . . . for the court to reasonably infer that the police misconduct [the plaintiff] alleged was the result of anything other than the individual acts of the arresting officers"), *aff'd*, 480 F. App'x 627 (2d Cir. 2012).

The Plaintiff attempts to avoid dismissal by resorting to unsupported anecdotal evidence that:

> [The] Defendants have received over the last five years numerous Notices of Claims stemming from Nassau County Police Officers' violations of the United States Constitution, New York Constitution, and § 1983 by encroaching upon civil rights, using excessive force,

assault and battery, negligence, false arrest and imprisonment, and/or malicious prosecution of individual United States citizens but have failed to take any corrective or remedial actions.

Pl. Memo of Law at 10-11.

Initially, the Court notes that this statement is contained in the Plaintiff's legal memorandum, not his complaint, and is therefore not directly relevant to the Court's evaluation of the pleading. *See Green*, 96 F. Supp. 3d at 304 (rejecting the plaintiff's assertions regarding prior related incidents because they were "asserted in [his] Memorandum of Law, not in the [complaint], and as such [were] not properly considered by the Court in deciding the Motion to Dismiss").

However, even if this generalized allusion to prior occurrences had been properly pled, the Court's reasoning would not be altered. Other than the Plaintiff's own conclusory assertions, there is nothing to suggest that any of these alleged incidents was factually similar to the present case; that any of the complaints were substantiated or even advanced past the notice-of-claim stage; or that any of them can be plausibly connected to the alleged deprivation of the Plaintiff's constitutional rights in this case. *See, e.g., Tieman v. City of Newburgh*, No. 13-cv-4178, 2015 U.S. Dist. LEXIS 38703, at *48-*50 (S.D.N.Y. Mar. 26, 2015) (collecting cases for the proposition that references to prior comparable complaints were insufficient to plausibly state a *Monell* claim where "none result[ed] in adjudication of liability"); *id.* at *49 (citing with approval *Strauss v. City of Chicago*, 760 F.2d 765, 768-69 (7th Cir. 1985), for the proposition that "even pre-*Twombly* and *Iqbal*, . . . allegations of complaints about similar conduct were insufficient to state a claim for widespread custom under *Monell* because 'the number of complaints filed, without more, indicates nothing,' as '[p]eople may file a complaint for many reasons, or for no reason at all,' and '[t]hat they filed complaints does not indicate that the policies that [the plaintiff] alleges exist do in fact exist"); *see also Collins v. City of New York*, 923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013) (finding the plaintiff's reference to a "litany of other police-misconduct cases" to be insufficient to plausibly allege *Monell* liability because they involved different issues "or something less (settlements without admissions of

liability and unproven allegations) than evidence of misconduct"); *Nance*, 2011 U.S. Dist. LEXIS 75903, at *9 (finding the plaintiff's "bare assertion" of uspecified "statistic[s]" to be insufficient to state a claim under *Monell*).

Further, even assuming that these alleged prior complaints of police misconduct did, in actuality, involve issues that were comparable to those in this case, the Plaintiff fails to identify any specific facts to support his assertion that the County has failed to take any corrective or remedial actions. "While a court may consider complaints made against a municipality and its response to them to determine whether the municipality acted with deliberate indifference, the source[ ] on which plaintiff attempts to rely do[es] not support an inference of deliberate indifference . . . sufficient to give rise to a *Monell* claim." *Perez*, 2012 U.S. Dist. LEXIS 121440, at *8-*10 (internal citation and quotation marks omitted) (dismissing a *Monell* claim under Rule 12(b)(6) where the plaintiff "relie[d] on unsubstantiated and general allegations in newspaper articles and a blog post to suggest that the [complained of] conduct" had previously occurred; finding that the articles, "if true, at best cite a handful of instances the specifics of which are not clear").

In this regard, the Plaintiff's bare recitation of "the magic words from *Monell*," *Nance*, 2011 U.S. Dist. LEXIS 75903, at *9, together with his supposed knowledge of "numerous" other accusations of police misconduct over the past five years, collectively fail to raise his allegations of an actionable police policy, practice, or custom above the speculative level.

Further, the Plaintiff asserts that the County failed to "properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *See id.* ¶ 60.

However, again, such a formulaic recitation of the legal standard, without supporting facts regarding the County's specific involvement in the complained-of conduct, is insufficient to survive dismissal. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)

("The fact that a municipal 'policy' might lead to 'police misconduct' is hardly sufficient to satisfy *Monell*'s requirement that the particular policy be the 'moving force' behind a constitutional violation. There must at least be an affirmative link between the training inadequacies alleged, and the particular constitutional violation at issue"); *Smith v. Doe*, No. 15-cv-245, 2016 U.S. Dist. LEXIS 151433, at *6-*7 (E.D.N.Y Oct. 31, 2016) (Report and Recommendation) (recommending dismissal of a *Monell* claim under Rule 12(b)(6) where the complaint "contain[ed] only threadbare recitations of the law," namely, that the municipality failed to properly train and supervise its employees, but failed to supply any "facts regarding the training, or its deficiency" and failed to plausibly allege that "the allegedly inadequate training was the product of conscious and deliberate indifference"); *Bradley v. City of New York*, 08-cv-1106, 2009 U.S. Dist. LEXIS 51532, at *10 (E.D.N.Y. June 18, 2009) ("The Complaint's conclusory, boilerplate language – that the City 'fail[ed] to adequately train, discipline, and supervise' employees and 'fail[ed] to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior' of its employees – is insufficient to raise an inference of the existence of a custom or policy, let alone that such a policy caused" the plaintiff's injuries).

Accordingly, the Court finds that the complaint fails to state facts sufficient to make it plausible that his alleged injuries resulted from an official County policy, practice, or custom, so as to sustain a claim for municipal liability under *Monell*. Accordingly, the Plaintiff's § 1983 claim against the County is dismissed.

However, to the extent that the Plaintiff asserted a separate State law claim against the County based on a theory of *respondeat superior*, the County shall continue as a Defendant in this federal action.

**D.      As to the Defendants' Remaining Contention**

The Defendants further argue that the Plaintiff's claims against the five individually-named Defendants must be dismissed because the complaint fails to adequately differentiate between them.

Initially, because the Defendants failed to raise this argument in their opening legal memorandum, they may properly be found to have waived it. *See Chiarelli v. Nissan N. Am., Inc.*, No. 14-cv-4327, 2015 U.S. Dist. LEXIS 129416, at *31 n.8 (E.D.N.Y. Sept. 25, 2015) (finding that the defendant waived an argument supporting dismissal by failing to raise it in the opening brief); *Colon v. City of New York*, No. 11-cv-173, 2014 U.S. Dist. LEXIS 46451, at *28-*30 (E.D.N.Y. Apr. 2, 2014) (collecting cases for the proposition that "[t]he Second Circuit has clearly stated that arguments raised for the first time in reply papers or thereafter are properly ignored").

However, because of the clear pleading deficiency identified by the Defendants, the Court, on its own motion, finds that dismissal as against the individual Defendants is warranted under the provisions of FED. R. CIV. P. 8.

In reaching this conclusion, it is noted that none of the 101 numbered paragraphs in the complaint sets forth a particularized allegation of wrongdoing against any of the individually-named Defendants.  Nor is any of the 13 separate causes of action directed at any particular Defendant.  On the contrary, the complaint is painted with a broad brush, alleging in every paragraph that the "Defendants, individually and in their official capacities, jointly and severally" are responsible for the complained-of conduct.  *See, e.g.*, Compl. ¶ 3 (alleging that the Plaintiff was arrested "by Nassau County Police Officers, including but not limited to" all of the individual Defendants); *id.* ¶ 24 (alleging that the "Defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivations of the constitutional rights, privileges, and immunities of Plaintiff"); *id.* ¶ 29 (alleging that the "Defendant Police Officers committed acts of excessive force").

"These examples are fairly indicative of the multitude of general allegations in plaintiff's complaint." *Hathaway v. County of Essex*, No. 95-cv-824, 1995 U.S. Dist. LEXIS 19083, at *7 (N.D.N.Y. Dec. 19, 1995) (dismissing civil rights claims under Rule 12(b)(6) where "[a]lmost every allegation assert[ed] that all ten of the defendants, 'individually and collectively,' violated plaintiff['s] rights" and "[n]one of plaintiff's allegations contain[ed] facts more specific than defendants' names and the dates encompassing the investigation, indictment, and initial prosecution of plaintiff").

However, this approach by the Plaintiff is apparently inconsistent with Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In this regard, as the Defendants appropriately note, " '[a] plaintiff fails to satisfy [R]ule 8 [if] the complaint lumps all the defendants together and fails to distinguish their conduct[,] because such allegations fail to give sufficient notice to the defendants as to what they did wrong.' " *Williams v. Milford Police Dep't*, No. 15-cv-1394, 2015 U.S. Dist. LEXIS 129726, at *3 (D. Conn. Sept. 28, 2015) (quoting *Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, No. 01-cv-11502, 2004 U.S. Dist. LEXIS 24657, at *21 (S.D.N.Y. Dec. 8, 2004) (collecting cases)); *see Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming the district court's dismissal of a complaint that leveled allegations against all named defendants without identifying which defendants were alleged to be responsible for which alleged violations; holding that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy [Rule 8's] minimum standard"); *Southerland v. N.Y. City Hous. Auth.*, No. 10-cv-5243, 2010 U.S. Dist. LEXIS 124716, at *7-*8 (E.D.N.Y. Nov. 23, 2010) (finding a complaint to be insufficient where it "list[ed] allegations against 'defendants' generally" but "fail[ed] to distinguish defendants' conduct or allege facts against any individual defendant"; in this way, the pleading "fail[ed] to give the defendants fair notice of plaintiff's claims").

Accordingly, the Court finds that the complaint fails to comply with the minimum pleading standard found in FED. R. CIV. P. 8, requiring dismissal as against the individual Defendants. However, this dismissal is without prejudice to repleading in accordance with the applicable rules.

### III.  CONCLUSION

Based on the foregoing, the Court directs the following:

1.  The Court grants the Defendants' motion to dismiss the complaint as against the NCPD and the DA's Office;

2.  The Court grants the Defendants' motion to dismiss the federal claims – namely, the first, second, third, and fourth causes of action arising under § 1983 – against the County;

3.  The Court, on its own motion, dismisses the complaint as against the individual Defendants; and

4.  Consistent with this opinion, the Plaintiff is granted leave to file an amended complaint within 20 days after the entry of this order.

If, by December 13, 2016, the Plaintiff has not filed an amended complaint, the Court will: (1) decline to exercise supplemental jurisdiction over the Plaintiff's sole remaining cause of action, namely, a State law claim against the County based on a theory of *respondeat superior*; (2) dismiss the complaint without prejudice to refiling in an appropriate State court; and (3) request that the Clerk of the Court close this case.

It is **SO ORDERED.**

Dated:  Central Islip, New York
        November 23, 2016

                                        /s/ *Arthur D. Spatt*
                                        ARTHUR D. SPATT
                                        United States District Judge