UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEMITRIOS STRATAKOS,

                Plaintiff,

                                                                            **ORDER**

        -against-                                                       15-CV-7244 (GRB) (ARL)

NASSAU COUNTY, et al.,

                Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court is the motion of the defendants, Nassau County, Police Officer Prashant Rane ("Rane") and Police Officer Karl Padilla ("Padilla"), to quash two subpoenas that plaintiff's attorney served on the Nassau County Police Department ("NCPD") demanding the complete disciplinary record for Rane and Padilla for the period from December 29, 2007 to present. The defendants assert that the subpoenas should be quashed because they were served two years and three months after the close of fact discovery and are overbroad. The plaintiff, Demitrios Stratakos ("Stratakos"), opposes the motion. For the reasons set forth below, the motion is granted, in part.

      As the defendants correctly note in their application, discovery in this matter was deemed complete on February 28, 2019. In fact, the case was returned to the District Judge for final disposition on that day. Shortly thereafter, the parties filed cross-motions for summary judgment and on December 9, 2019, District Judge Spatt issued a Memorandum and Order denying, in full, the plaintiff's motion for summary judgment and granting, in part, the defendants' cross-motion. On July 1, 2020, District Judge Brown, to whom the case had been reassigned, scheduled a pretrial telephone conference for November 9, 2020. In September, the plaintiff s counsel served the two subpoenas, which the defendants argue are overly broad in addition to being untimely.

      Although plaintiff's counsel does not dispute the defendants' recitation of the history of this case, he does note, by way of explanation, that the case was initially assigned to another attorney who left the firm without notice on Saturday, August 15, 2020. Plaintiff's counsel further advises that when he took over, he realized that a demand for the defendants' personnel files had been made in June 2018 but were never answered or objected to on any ground. Counsel suggests that the request was ignored by the defendants as a strategy but it is also clear that plaintiff's counsel took no steps to compel a response to a very broad request. Nonetheless, when plaintiff's counsel realized that the documents were missing, he served the NCPD with the instant subpoenas.

      The request at issue is undeniably late. In fact, Judge Brown deemed the case trial ready on November 9, 2020. Nonetheless, the Court prefers to have cases decided on the merits and finds that some of the missing documents may be relevant to the plaintiff's excessive force claim. Accordingly, the motion is granted, in part, and denied, in part. The NCPD need not respond to the subpoenas as written. Instead, on or before December 11, 2020, the NCPD is to

produce any disciplinary records for Rane and Padilla to the extent they relate to excess force claims filed from 2010 to 2013 for *in camera* review. The undersigned will determine the relevancy of the records upon receipt.

Counsel for the defendants is directed to serve a copy of this order on the NCPD.

Dated: Central Islip, New York
November 24, 2020

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge

2